```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF IOWA
            WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JULIO GARCIA-HERNANDEZ,<br><br>      Defendant. | **No. 06-CR-4059-DEO**<br><br>**ORDER** |

## I.   INTRODUCTION

This matter is before this Court pursuant to defendant's motions for: (1) Judgment of Acquittal and (2) New Trial. Docket No. 66. The government resisted both motions. Docket No. 68. On October 6, 2006, defendant was found guilty by jury verdict of conspiracy to distribute 500 grams or more of Methamphetamine, Count I, and the possession of a firearm in furtherance of a drug trafficking crime, Count II.

The government presented evidence from two cooperating witnesses and several law enforcement officers. One of the cooperating witnesses, Donald Steburg, testified regarding his previous transactions with Garcia-Hernandez. Steburg testified that he had received over ten pounds of methamphetamine from Garcia-Hernandez. There was evidence submitted of voice mail messages left by Garcia-Hernandez on Steburg's answering machine. Steburg also cooperated in making controlled phone calls to Garcia-Hernandez and arranging a meeting place between the two.

Agent John Howard testified that he accompanied Steburg on a couple of occasions when Steburg met with Garcia-Hernandez. On the day of the arrest, Steburg was dropped off by Agent Howard at the Jo-Mart Motel. Steburg was wearing a wire and entered into one of the rooms with the three defendants in this case. Steburg testified that while in the room, Garcia-Hernandez was demanding the money that Steburg owed him for past drug debts. Steburg also stated that Garcia-Hernandez pulled out a gun and pointed it at Steburg; Steburg attempted to walk out, but the other occupants of the motel room, Rolon-Ramos and Deluna-Ponce, bolted the door, blocked, and stood in front of said door so Steburg could not leave.

Steburg testified that he then convinced Garcia-Hernandez to let him go out to the vehicle to get some money. Steburg left his cell phone in the room as assurance of his return. After Steburg returned to the car, Agent Howard and Steburg immediately left the motel parking lot because Steburg stated that they had a gun and he was not returning to the room.

After leaving the parking lot area, Agent Mark Minten, who was on site during this transaction, testified that he received a telephone call from Garcia-Hernandez using Steburg's cell phone that was left in the motel room. Agent Minten testified that Garcia-Hernandez inquired how much Steburg was charging Agent Minten and Garcia-Hernandez stated that he could supply Minten with

2

two ounces of methamphetamine for $2,000 and later supply Minten with a pound of methamphetamine for a cheaper price than what Steburg was charging Minten.

Several other officers also testified about their observations during the surveillance of the meeting place at the Jo-Mart Motel. A second cooperating witness, Jason Bolden, testified about his previous involvement and knowledge of Garcia-Hernandez. Bolden testified that he had, over a period of time, received over fifteen pounds of methamphetamine from Garcia-Hernandez. Bolden described how, when, and how much methamphetamine Bolden received from Garcia-Hernandez.

## II. ANALYSIS

### A. Judgment of Acquittal

Defendant moves the Court for judgment of acquittal urging that the evidence was insufficient to establish that he entered into a conspiracy. Docket No. 66-2, at 2. Garcia-Hernandez argues that the only evidence of a conspiracy was what Steburg said and did, and since Steburg, at the time, was working with the government, nothing they found out about Garcia-Hernandez can result in an indictable offense. Id. Garcia-Hernandez further contends that there was only evidence of a debt owed and the collection of that money cannot be a continuation of a conspiracy because the debtor was working with law enforcement. Id.

Under Federal Rule of Criminal Procedure 29(a), "if the evidence is insufficient to sustain a conviction of such offense or offenses[,]" a court may enter a judgment of acquittal on one or more counts. This Court is aware that it has "very limited latitude when considering a motion for acquittal." United States v. Yockel, 320 F.3d. 818, 824 (8th Cir. 2003).

"[T]he district court is not to weigh the evidence or consider the credibility of the witnesses but rather to determine whether the government has presented evidence on each element sufficient to support a jury verdict." United States v. Chavez, 230 F.3d 1089, 1091 (8th Cir. 2000). "In reviewing the sufficiency of the evidence, [the district court] view[s] the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. White, 81 F.3d 80, 82 (8th Cir. 1996). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Powell v. United States, 231 F.3d 464, 465 (8th Cir. 2000).

"After reviewing the evidence under these standards, we will reverse only if we conclude that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Basile, 109 F.3d 1304, 1310 (8th Cir. 1997). If the evidence is such that

reasonable minds might differ as to the outcome, then the question is one of fact for the jury to resolve, not a matter of law to be decided by the court. United States v. Wyant, 576 F.2d 1312, 1315 (8th Cir. 1978).

As mentioned, Garcia-Hernandez contends that there is only evidence of a debt of some kind; and further he argues that the events that took place at the Jo-Mart Hotel involved a confidential informant or a cooperating witness working for the government; therefore, there cannot be a conspiracy.

In order to find Garcia-Hernandez guilty of the conspiracy offense charged, the government had to prove beyond a reasonable doubt (1) the existence of a conspiracy with an illegal purpose; (2) Garcia-Hernandez was aware of the conspiracy; and (3) knowingly became part of it. United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000). "Either direct or circumstantial evidence can provide the basis of a conviction [for a conspiracy]." United States v. Jiminez-Perez, 238 F.3d 970, 973 (8th Cir. 2001). "Once the government establishes the existence of a conspiracy, only slight evidence is required to link a defendant to the conspiracy. This places a heavy burden on a defendant challenging the sufficiency of the evidence in a conspiracy case." Id.

This Court would note that the indictment charged that Garcia-Hernandez conspired with other named defendants but also with other unknown persons. Docket No. 1. "To prove the existence of a

conspiracy, the government may provide information regarding how long [the conspirators] were associated with each other, their established methods of payment, whether or not their transactions were standardized, and their demonstrated level of mutual trust." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003). Both cooperating witnesses, Steburg and Bolden, described in detail their drug-related transactions with Garcia-Hernandez and his *modus operandi* over a period of time. "[E]vidence of multiple sales of resale quantities of drugs is sufficient in and of itself to make a submissible case of a conspiracy to distribute." United States v. Eneff, 79 F.3d 104, 105 (8th Cir. 1996).

This Court recognizes that there can be no indictable offense involving only the defendant and government agents, i.e., Steburg who was helping the government. The evidence shows and this Court is persuaded that the evidence demonstrated that Garcia-Hernandez was involved with others, not just Steburg. It was reasonable to conclude that Garcia-Hernandez was conspiring to distribute methamphetamine with other known and unknown individuals besides the cooperating witness Steburg, for example, the witness Bolden's testimony, as set out on page 2 of this Order. It was reasonable for the jury to conclude that Garcia-Hernandez was attempting to collect a past drug debt to further the conspiracy, i.e., allow him to continue buying and re-selling methamphetamine.

Based on the foregoing, this Court is persuaded that there "is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt" as to the conspiracy charge in Count I. Powell, 231 F.3d at 465.

With regard to Count II, the government was required to prove that Garcia-Hernandez possessed or aided and abetted the use, carrying, or possession of a firearm and that firearm must have been possessed "in furtherance of" a drug trafficking crime. See U.S.C. § 924(c)(1). This Court has already concluded that it was reasonable for the jury to conclude that the events that took place in the Jo-Mart Motel room, plus all of the surrounding additional facts, was in relation to a conspiracy to distribute methamphetamine. Therefore, whether or not there was a firearm in that room that was used in furtherance of a drug trafficking crime is the second question.

As previously indicated, Steburg was wearing a wire when he entered the room, but he did not say anything about any gun that was heard over the wire. Steburg testified at the trial about the appearance of the firearm, and what Garcia-Hernandez was doing with the firearm. Steburg described roughly the gun's length, width, and the size of the opening of the barrel. Other government officers testified regarding what they heard over the wire that Steburg was wearing. These officers testified that the situation became very hostile in the room and that Steburg seemed scared.

7

Some of the officers also testified that they were considering going into the room to "rescue" Steburg.

There was never a firearm found on any of the defendants or in the motel room or anywhere on the premises. Several officers stated that they searched the whole area thoroughly but did not find a firearm.

However, this Court is persuaded that there is more than sufficient evidence to allow a reasonable jury to conclude that Garcia-Hernandez possessed a firearm in the Jo-Mart Motel room which was in furtherance of the overall drug conspiracy. The use of a firearm as a means to collect past drug debts in order to continue the overall conspiracy is "in furtherance" of that conspiracy.

Counsel for both parties promised to find authority which would hold or not hold that even though Steburg was collaborating with the government, it would be a continuation of the conspiracy to attempt to collect for unpaid past drug transactions. This Court did not receive any cases that would establish such a theory, and the Court did not find such precedent in its own search.

This Court, after viewing all of the evidence "in the light most favorable to the government" and giving the government the benefit of "all reasonable inferences", is persuaded that the jury's verdict with regard to Counts I and II is supported by sufficient evidence and should not be overturned. Therefore, based

8

on the foreground, defendant's motion for judge of acquittal is **denied.**

B.  **Motion for New Trial**

Based on the above-mentioned arguments, Garcia-Hernandez contends that if his motion for judgment of acquittal is not sustained, alternatively, he should be granted a new trial. Docket N. 66-2, at 6.

Under Federal Rule of Criminal Procedure 33, this Court "on motion of [the] defendant may grant a new trial to that defendant if required in the interest of justice." This Court has "wide discretion in deciding whether to grant a new trial in the interest of justice[,]" but "[t]his authority should be exercised sparingly and with caution[.]" United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980). This Court has greater authority to grant a new trial than to grant a judgment of acquittal. United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997).

When the defendant moves for a new trial on the basis that "the verdict is contrary to the weight of the evidence, the district court must weigh the evidence and evaluate the credibility of the witnesses, and will set aside the verdict *only* if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Lanier, 838 F.2d 281, 284-85 (8th Cir. 1988) (emphasis added).

This Court is persuaded that the jury's verdict was not a

"miscarriage of justice" and that the verdict is not sufficiently contrary to the weight of the evidence. As previously discussed in the judgment of acquittal section, the evidence does not weigh sufficiently against the verdict such that a miscarriage of justice occurred. Therefore, this Court concludes that a new trial is not warranted and the motion is **denied**.

Based on the foregoing, defendant's motions for judgment of acquittal and motion for a new trial, Docket No. 66, are **denied**.

**IT IS SO ORDERED** this 20th day of December, 2006.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa